IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| WOLFE BROTHERS FACE ART AND FX, LLC, a Florida Limited Liability Company<br><br>       Plaintiff,<br><br>vs.<br><br>UTOPIA INDUSTRIES, INC., a California corporation and KELLIE CAMERON, individually,<br><br>       Defendant. | CASE NO.:6:07-cv-1013-ORL-28-KRS |
| UTOPIA INDUSTRIES, INC., a California corporation and KELLIE CAMERON, individually,<br><br>       Defendant/Third-Party Plaintiff,<br><br>vs.<br><br>DAVID PHELPS, DOUGLAS DRAKE AND JUSTIN DAY<br><br>       Third-Party Defendants. | |

**THIRD-PARTY COMPLAINT**

Defendants and Third-Party plaintiffs, UTOPIA INDUSTRIES, INC., a California corporation ("UTOPIA") and KELLIE CAMERON, individually, ("CAMERON"), sue third-party defendants, DAVID PHELPS ("PHELPS"), DOUGLAS DRAKE ("DRAKE") , and JUSTIN DAY ("DAY"), and allege as follows:

## JURISDICTION and VENUE

1. Plaintiff, WOLFE BROTHERS FACE ART AND FX, LLC ("WOLFE BROTHERS") filed suit against defendants CAMERON and UTOPIA, a copy of which is attached as <u>Exhibit 1</u>.

2. In response to the complaint, CAMERON and UTOPIA denied the allegations that CAMERON and UTOPIA never entered into an agreement, or had any relationship, with WOLFE BROTHERS as noted in its answer to plaintiff's complaint.

3. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between citizens of different States.

4. CAMERON is an individual residing in California.

5. UTOPIA is a California corporation.

6. WOLFE BROTHERS is a Florida limited liability company that filed its articles of organization on May 2, 2005.

7. Pursuant to 28 U.S.C. §1332(a)(1), this Court is vested with jurisdiction over WOLFE BROTHERS, CAMERON and UTOPIA.  Pursuant to 28 U.S.C. 1391(a) venue is proper in the case of WOLFE BROTHERS, CAMERON and UTOPIA.

4. Third-Party defendant, PHELPS, is a resident of Volusia County, Florida and this Court is vested with jurisdiction over CAMERON and UTOPIA's claim against PHELPS pursuant to 28 U.S.C. §1332(a)(1).

5. Third-Party defendant, DAY, is a resident of Volusia County, Florida and this Court is vested with jurisdiction over CAMERON and UTOPIA's claim against DAY pursuant to 28 U.S.C. §1332(a)(1).

6.   Third-Party defendant, DRAKE, is a resident of New York. Jurisdiction exists in this Court over DRAKE because said defendant has established contacts with Florida sufficient to maintain jurisdiction over him under Fla. Stat. § 48.193 *et seq.*, by engaging in business within Florida, including but not limited to, entering into negotiations with CAMERON and UTOPIA while being physically present in Florida which resulted in the agreement that is subject of this dispute; and by and engaging in substantial, non-isolated activity within and in connection to Florida.

7.   Defendants/third-party plaintiffs, CAMERON and UTOPIA retained undersigned counsel to represent it in this matter and agreed and obligated itself to pay a reasonable fee for services on its behalf.

## GENERAL ALLEGATIONS

8.   In July 2004, CAMERON and UTOPIA entered into a verbal contract (the "Contract") with PHELPS, DRAKE and DAY, pursuant to which CAMERON was to act as Vice President of Finance and Operations for WOLFE BROTHERS for a monthly salary of $5,600.00 per month. Attached as <u>Exhibit 2</u> is an e-mail sent by DRAKE to CAMERON, dated August 31, 2004, with a picture of the corporate structure agreed upon.

9.   In addition to providing CAMERON with a salary, the Contract also provided that CAMERON and UTOPIA would be reimbursed for all expenses CAMERON and UTOPIA incurred on behalf of plaintiff.

10.   WOLFE BROTHERS conducted business prior to filing its articles of organization on May 2, 2005.

11.   CAMERON performed her obligations under the Contract as Vice President of Finance and Operations for WOLFE BROTHERS from July 2004 until June 2005.

12. Despite CAMERON and UTOPIA requesting to be reimbursed for all expenses they incurred on behalf of the plaintiff, plaintiff reimbursed CAMERON for only one expense in the amount of Two Hundred and Four Dollars and Fifty-Two Cents ($204.52) by a check dated May 23, 2006. A copy of this check is attached as Exhibit 3. This payment was for an expense CAMERON incurred in August of 2004, as indicated by an e-mail from DRAKE on May 26, 2006, which is attached as Exhibit 4, and further supported by CAMERON's American Express bill attached as Exhibit 5.

13. CAMERON and UTOPIA incurred expenses in the amount of Thirty-Seven Thousand, Seven Hundred and Thirty Nine Dollars and Thirteen Cents ($37,739.13) on behalf of plaintiff. CAMERON and UTOPIA submitted invoice number 533 to plaintiff for such expenses, and plaintiff refused reimbursement. A copy of invoice number 533 is attached hereto as Exhibit 6.

14. On February 22, 2006, CAMERON sent an e-mail to plaintiff demanding to be paid the salary she earned. A copy of the e-mail dated February 22, 2006 is attached hereto as Exhibit 7.

15. On April 22, 2006, DRAKE, on behalf of plaintiff, responded to CAMERON's e-mail by stating that some efforts were going to be made to pay CAMERON, however CAMERON never received the salary she was owed. A copy of the email dated April 22, 2006 is attached hereto as Exhibit 8.

16. WOLFE BROTHERS breached the terms of the Contract by, including without limitation, failing to compensate CAMERON for services rendered.

17. As a result of the WOLFE BROTHERS' breach of the Contract, CAMERON has been damaged in the amount of One Hundred and Four Thousand Nine Hundred and Thirty Nine Dollars and Thirteen Cents ($104,939.13).

18.   All conditions precedent have been satisfied or waived.

19.   Pursuant to Florida Statute (2007), § 448.08, the court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee.

20.   CAMERON and UTOPIA filed a counterclaim against WOLFE BROTHERS for damages, attorneys fees and costs, and such other relief as the Court deems just and proper.

**STATUTORY LIABILITY OF PHELPS, DRAKE AND DAY**
**UNDER FLORIDA STATUTES § 608.4238**

21.   UTOPIA and CAMERON reallege paragraphs 1 through 20 of this third party complaint.

22.   In July of 2004, the date of the parties entered into the contract that is the subject of this action, there was no limited liability company registered with the Secretary of State of the State of Florida known as WOLFE BROTHERS FACE ART AND FX, LLC.

23.   Pursuant to Fla. Stat. §608.409(1), a limited liability company's existence begins when the articles of organization are filed with the Department of State of the State of Florida.

24.   Attached hereto as <u>Exhibit 9</u> is a copy of the articles of organization of WOLFE BROTHERS FACE ART AND FX, LLC, which indicates that its existence began on May 5, 2005, long after the parties entered into the Contract.

25.   PHELPS, DRAKE and DAY entered into the Contract purporting to act for WOLFE BROTHERS with actual knowledge that WOLFE BROTHERS did not exist as a limited liability company in Florida.

26.   Fla. Stat. § 608.4238 provides as follows:

>All persons purporting to act as or on behalf of a limited liability company, having actual knowledge that there was no organization of a limited liability company under this chapter, are jointly and severally liable for all liabilities created while so acting except for any liability to any person who also had actual knowledge that there was no organization of a limited liability company.

27. CAMERON and UTOPIA entered into the Contract, and CAMERON performed under the Contract, without actual knowledge that WOLFE BROTHERS was not officially and legally organized as a Florida limited liability company.

28. Pursuant to Fla. Stat. 608.4238, PHELPS, DRAKE and DAY are liable for the breach of contract alleged against WOLFE BROTHERS in Count I of this counterclaim.

WHEREFORE, UTOPIA and CAMERON seek judgment against PHELPS, DRAKE and DAY, jointly and severally with WOLFE BROTHERS, for all damages, including attorneys fees and costs, awarded against WOLFE BROTHERS under the counterclaim for breach of contract filed by CAMERON and UTOPIA.

*Cobb & Cole*

By: /s/ ELAN R. KANEY
ELAN R. KANEY
FLA. BAR NO. 0538302
150 Magnolia Avenue
Post Office Box 2491
Daytona Beach, FL 32115-2491
Telephone: (386) 254-6329
Facsimile: (386) 248-0323
ATTORNEYS FOR DEFENDANTS/THIRD-PARTY PLAINTIFFS

041111-001 : EKANE/EKANE : 00529236.WPD; 1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of August, 2007, I electronically filed the foregoing third party complaint with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following Service List.

/s/ ELAN R. KANEY
Attorney

## SERVICE LIST

| | |
|---|---|
| Wolfe Brothers Face Art and FX, LLC, a Florida Liability Company | Arthur Graham, Esquire<br>Landis Graham French<br>444 Seabreeze Blvd., Suite 1001<br>Daytona Beach, FL 32114<br>agraham@landispa.com |